Burt W. DeHAVEN and Julie A. Mickelson, Personal Representative of the Estate of Deborah Anne Mickelson, Deceased, Plaintiffs-Appellants,

GRAIN DEALERS MUTUAL INSURANCE COMPANY, and American Family Insurance Group, Plaintiffs,

State of WISCONSIN DEPARTMENT OF HEALTH & SOCIAL SERVICES, Plaintiff-Respondent,

v.

DAN-CO COOPERATIVE, and Rural Mutual Insurance Company, Defendants.

Court of Appeals

*No. 85–0747. Submitted on briefs December 11, 1985.—Decided January 16, 1986.*.
(Also reported in 383 N.W.2d 509.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Lee R. Atterbury* and *Johnson, Swingen, Atterbury & Riley, S.C.,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney gen-

eral, and *Arnold J. Wightman,* assistant attorney general.

Before Gartzke, P.J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

BEILFUSS, Reserve Judge.   The plaintiffs in this personal injury action, Burt W. DeHaven and the Estate of Deborah Anne Mickelson, appeal from an order of the circuit court for Dane county. The order gave the plaintiff-respondent, State of Wisconsin Department of Health and Social Services, full recovery of the sums it had paid for medical assistance payments on behalf of Deborah Anne Mickelson from the proceeds of the settlement of the action by virtue of sec. 49.65, Stats.

The appellants contend that the total amount of the department's claim should be disallowed because of the department's failure to file a claim in the Estate of Deborah Anne Mickelson as provided by sec. 859.01, Stats., or in the alternative that its recovery should be reduced by a proportionate amount of the appellants' attorney's fees and costs. We conclude the department was not required to file a claim and that the proportionate share of attorney's fees and costs should not be deducted from the recovery of the medical expenses under the facts of this case. We therefore affirm.

Burt W. DeHaven and the decedent, Deborah Anne Mickelson, were severely injured as a result of gas explosion while attempting to light the furnace in their residence. Deborah Anne Mickelson died as a result of her injuries. This personal injury action was commenced by DeHaven and Julie A. Mickelson, as personal representative of the Estate of Deborah Anne Mickelson. They sued the manufacturer of the valve and furnace, the gas supplier and several others

474

and/or their insurance carriers. The State of Wisconsin Department of Health and Social Services was made a party plaintiff by virtue of the fact that it had paid $93,473.79 for Deborah's medical expenses and was subrogated to recoup this amount. Section 49.65, Stats.

The underlying action was settled for a substantial sum and approved by the court and the department. The sum of $93,473.79 was deposited with the clerk of court in escrow pending a determination of the department's entitlement to the funds. The trial court by order ruled against the appellants and directed the full amount of the department's claim, $93,473.79, be paid to the department. DeHaven and the estate appeal from this order.

As to both issues there are no disputed or contested facts. The disposition of these issues is dependent upon the interpretation and application of two statutes: sec. 49.65, Stats., which gives the department a statutory right of subrogation against third-party tort-feasors; and sec. 859.01, Stats., which provides time limits for the filing of claims against the estate of a deceased person.

Section 49.65(1), Stats., provides:

The department, county, municipality or elected tribal governing body providing any public assistance under this chapter as a result of the occurrence of an injury, sickness or death which creates a claim or cause of action, whether in tort or contract, on the part of a public assistance recipient or beneficiary against a 3rd party, including an insurer, is subrogated to the rights of the recipient or the beneficiary and may make a claim or

maintain an action or intervene in a claim or action by the recipient or the beneficiary against the 3rd party.

Section 859.01(1) provides:

Except as provided in sub. (3) and s. 859.03, all claims against a decedent's estate, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, are forever barred against the estate, the personal representative and the heirs and beneficiaries of the decedent unless filed with the court within the time for filing claims.

The appellants argue that the department failed to file its claim against the Estate of Deborah Anne Mickelson and is barred from recovering its public assistance by sec. 859.01(1), Stats. They also cite sec. 49.08, Stats., which provides in part that "[w]here the relief recipient is deceased, a claim *may* be filed against the decedent's estate and the statute of limitations specified in s. 859.01 shall be exclusively applicable." (Emphasis supplied.)

The department in a case where no third-party action is involved could file a claim against the estate, but where as here, the personal representative of the estate has commenced an action against a third-party tort-feasor for the recovery of damages for the injury which gave rise to the medical assistance, the department is specifically given the right of subrogation. Section 49.65(1), Stats. Thus under the facts of this case, the department's right of recovery is against the third parties and not against the estate. There was no need to file a claim against the estate. The statutes referred to above when read together create no ambiguity. The

department was specifically given the right of subrogation; the department's claim is not barred.

The appellants also contend that the trial court erred in not requiring the department's claim to be reduced by a proportionate share of the costs of collection because it did not file a claim against the estate. We do not believe the failure to file a claim in the estate has anything to do with the computation of the department's recovery in the third-party action.

Section 49.65(4), Stats., provides: "Reasonable costs of collection including attorney's fees shall be deducted first. The amount of assistance granted . . . shall be deducted next and the remainder shall be paid to the public assistance recipient."

In this case the full amount of the costs of collection was first deducted. The amount of the department's claim, $93,473.79, was then deposited with the clerk of courts pending the court's order for distribution. The balance we assume was paid to the appellants. This distribution followed the mandate of the statute. The costs of collection have been paid in full; there were ample funds to pay the department's claim in full which is as it should be.

The appellants argue that as a matter of equity the department should be required to assume a proportionate share of the costs of recovery. This argument may have some validity in common law subrogation. However, the department's right of subrogation is not based upon common law principles but rather is granted by virtue of statute. It is statutory subrogation, not common law, and equitable rules in common subrogation do not apply.

477

In *Waukesha County v. Johnson,* 107 Wis. 2d 155, 320 N.W.2d 1 (Ct.App. 1982), similar arguments were made. The court therein stated:

Under sec. 49.65, Stats., a county (or municipality or *department)* that is providing aid as a result of sickness, injury or death for which a third party may be responsible may make a claim or maintain an action in tort against the third-party tort-feasor. The county may require an assignment from the recipient, giving it the right to make a claim against the third party. Either the recipient or the county may commence an action against a third party, but each must join the other in the action, and both have an equal voice in prosecuting the action. *If there is a recovery against the tort-feasor, collection costs, including reasonable attorney's fees, are paid first, the county's costs are paid next, and the remainder, if any, is paid to the public assistance recipient.*

*Id.* at 161, 320 N.W.2d at 3 (emphasis supplied). The court went on to say:

In clear, unambiguous and peremptory language, the statute sets forth the respective rights of the county [department] and public assistance recipient regarding actions against and recovery from a third-party tort-feasor. ... Where, as here, the language of a statute is clear and unambiguous, we must give the statute the effect its language warrants.

*Id.* at 162, 320 N.W.2d at 4.
        *By the Court.*—Order affirmed.