SPANNUTH, Plaintiff in error, v. STATE, Defendant in error.

*No. State 49 (1974). Submitted under sec. (Rule) 251.54 October 2, 1975.—Decided October 28, 1975.*
(Also reported in 234 N. W. 2d 79.)

For the plaintiff in error the cause was submitted on the briefs of *Anthony K. Karpowitz* of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HANLEY, J. Two issues are presented for review:

1. May this sentence be reviewed by writ of error?

2. Was the action of the trial court of imposing restitution in addition to the sentence within the court's jurisdiction?

*Route of appeal.*

The defendant in effect appeals from the sentence.

The overall sentence is challenged insofar as it contains the requirement of restitution, orally ordered by the trial court.

We think the proper method of correction is via a sec. 974.06, Stats., motion:

"**Post-conviction procedure.** (1) A prisoner in custody under sentence of a court claiming the right to be re-

leased upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

A fair reading of the contentions of counsel indicates that the order of restitution in this case arguably is not authorized by law, is not available under the established limits of the trial court's jurisdiction, and constitutes a penalty excessive of that authorized by law. The above postconviction procedure is applicable.

The writ of error is argued as appropriate on the basis of *Babbitt v. State* (1964), 23 Wis. 2d 446, 127 N. W. 2d 405. That decision held that sentencing judgments are final judgments for purposes of review by statutory writ of error, particularly as to challenges over jurisdiction to impose sentence or challenges as to the sentences exceeding the limits prescribed by statute. This decision, however, preceded the enactment of sec. 974.06, Stats., in ch. 255, sec. 63, Laws of 1969. No decision construing the coverage of sec. 974.06 has concluded that it should be the sole procedure when excessive sentencing challenges are raised. There is, however, the frequently stated requirement that when sentences are challenged as excessive under the facts or as being the result of an abuse of discretion, no consideration can be given by this court unless a motion raising such error is made to the trial court; compelling circumstances being an exception to the requirement. *Gaddis v. State* (1974), 63 Wis. 2d 120, 129, 216 N. W. 2d 527; *Korpela v. State* (1974), 63 Wis. 2d 697, 701, 702, 218 N. W. 2d 368; *State v. Wuensch* (1975), 69 Wis. 2d 467, 479, 230 N. W. 2d 665. There is also the evident belief, embodied in the statute, that the trial

court cognizant with the facts may more properly deal with the issue and correct any error without resort to this court. Denials of such motions by the trial court then would allow appeal to be made to this court. Sec. 974.06 (7). In *Ferch v. Schroedel* (1942), 241 Wis. 457, 461, 6 N. W. 2d 176, a civil case, this court reiterated:

" 'This court has repeatedly held that where a specified method of review is prescribed by an act creating a new right or conferring a new power, the method so prescribed is exclusive and if review is sought that method must be pursued.' "

Although the creation of the new appeals route of sec. 974.06, Stats., as a replacement for habeas corpus, is not a "new power or right" with an attached avenue of appeal, the legislative choice of providing a standard appeal route is equally apparent and should be given effect by barring use of the writ of error in favor of sec. 974.06. However, in the instant case, for the purpose of making a final disposition we will consider the merits of the case.

*Validity of restitution order.*

The offense proscribed by the legislature with which defendant was charged, forgery, provided that he could be "fined not more than $5,000 or imprisoned not more than 10 years or both." Imprisonment for a lesser term than the maximum prescribed may be pronounced, sec. 973.01, Stats., and impliedly a fine less than the maximum amount may be imposed. Probation may be granted in lieu of all punishment, sec. 973.09, or probation may be coupled with a fine, sec. 973.05 (2), or restitution, *State v. Gerard* (1973), 57 Wis. 2d 611, 619, 205 N. W. 2d 374. Restitution is merely one of the many appropriate conditions a trial court can impose when

probation is granted. *State v. Garner* (1972), 54 Wis. 2d 100, 105, and footnote 4, 194 N. W. 2d 649.

No statute, however, allows the trial court to impose any other conditions, no matter how "reasonable and appropriate" they appear, when the statutory penalty rather than probation is chosen. The evident purpose of the legislature is that each defined crime would have a proscribed maximum punishment, which may not be exceeded by the courts of this state. It is a well-established proposition in our system of separate branches of government that the authority to punish is a matter for the legislature.

We are satisfied that the trial court made the order of restitution because it was specifically requested by defense counsel. However, the court was without authority to make this order of restitution.

This case is decided on the merits, with a warning that sec. 974.06, Stats., should be used in the future. The judgment is modified by vacating the portion of judgment directing restitution and the order for restitution is vacated. The judgment as modified is affirmed.

*By the Court.*—Judgment modified and, as modified, affirmed. Order vacated.