THIEME, Plaintiff in error, v. STATE, Defendant in error.†

Court of Appeals

*No. 78–221–CR.  Submitted on briefs February 22, 1979.—*
*Decided March 13, 1979.*
(Also reported in 278 N.W.2d 274.)

† Petition to review granted.

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender and *Thomas K. Zander,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general and *Michael R. Klos,* assistant attorney general.

Before Moser, P.J., Brown, J., and Bode, J.

MOSER, P.J.    The defendant, Gary Thieme (Thieme), pleaded guilty on December 2, 1976 to burglary of a pharmacy in violation of sec. 943.10(1)(a), Stats., committed earlier that day.   On December 27, 1976, Thieme was sentenced to five years imprisonment, but the sentence was stayed and an equal period of probation ordered.   As conditions of probation, the trial court required Thieme to spend the first year of nonworking hours in the county jail paying the same rate for room and board as Huber Law prisoners and to pay restitution.   As a result of the burglary, a window was broken and a substantial quantity of drugs was rendered worthless.[1]   Thieme and his codefendant were made jointly responsible for restitution of these damages to the pharmacy, but the amount of that restitution was to be determined at a later date.

---

[1] The drugs had been placed in a plastic bag. The police seized the bag as evidence. Once drugs are removed from a pharmacy, they may not be returned. Wis. Adm. Code, Phar 1.13. Thus, the drugs were lost by the pharmacy.

Thieme worked from January 3 to February 28, 1977. On March 18, 1977, $551.73 was removed from Thieme's Huber Law account and delivered to his probation officer. On March 30, 1977, Thieme was convicted of an unrelated violation of sec. 943.20(1)(a), Stats., and given a three-year sentence to be served concurrently with the existing sentence. Thieme's probation was revoked on April 19, 1977, and Thieme was incarcerated.

The amount of restitution was finally determined, and an order requiring the payment of $1,746.51 was entered on June 7, 1977. Thieme brought a motion seeking vacation of the court's order of restitution and a refund of the money taken from his account. A hearing on the motion was held on March 15, 1978 and an order denying the motion was entered on April 19, 1978. Thieme brought his writ of error to review that order.

The issues presented are: (1) whether money could be taken from Thieme's account before an order for restitution had been entered, (2) whether the order to pay restitution was properly entered after Thieme's probation had been revoked, and (3) whether Thieme could be ordered to pay restitution for the drugs.

Thieme argues that a probation officer cannot take money out of a defendant's account to pay restitution until there is a court order requiring the defendant to pay a fixed amount of restitution. The State does not contest the elemental principle that a probation officer cannot use a defendant's property to make restitution to a victim of crime without a valid court order. Instead, the State urges that the judgment requiring payment of restitution in an amount to be determined was sufficient to authorize the officer's actions.

The State claims that the procedure employed here had been approved by the supreme court in *State v. Scherr.*[2] In that case, however, the court noted that it

---

[2] 9 Wis.2d 418, 101 N.W.2d 77 (1960).

could not recommend the practice and that the better practice is to determine the amount of restitution before placing the defendant on probation.[3] In addition, *Scherr* did not involve an attempt to collect restitution from a defendant before the amount of restitution had been fixed. Therefore, the State's reliance on *Scherr* is misplaced.

The judgment of December 27, 1976 does no more than state that the amount of restitution to be paid shall be determined. The order fixing the amount to be paid was not entered until June 7, 1977, long after Thieme's money had been taken. The State appears to argue that it is enough to require that restitution be paid even though the amount of restitution is not fixed until after a substantial amount has been taken from the defendant. In a case where the exact amount of restitution was not specified, the supreme court admonished the trial court that a "defendant has a right to an order of restitution establishing with certainty the extent and manner of discharge of his liability."[4]

The State's position, if accepted, would deprive Thieme of this right. Therefore, we hold that no amount may be taken from a defendant in satisfaction of a requirement to pay restitution until an order has been entered specifying the amount of restitution to be paid. Accordingly, the money taken from Thieme's account must be refunded.

At the time the order was entered specifying the amount of restitution, Thieme was in prison serving the sentence imposed on the burglary conviction. The trial

---

[3] *Id.* at 425, 101 N.W.2d at 81.

[4] *State v. O'Connor*, 77 Wis.2d 261, 296 n. 14, 252 N.W.2d 671, 686 n. 14 (1977).

court may not order restitution for an offense on which the defendant is imprisoned.[5] Restitution may be imposed only when the statutory penalties of fine or imprisonment are not imposed.[6] Thus, the trial court lacked the authority to order restitution once probation had been revoked and Thieme began serving his sentence. The order entered June 7, 1977 is of no effect and should be vacated.

Our disposition on these two issues makes it unnecessary to address the third issue.

*By the Court.*—Order reversed.

---

[5] *Garski v. State*, 75 Wis.2d 62, 75, 248 N.W.2d 425, 432 (1977).
[6] *Spannuth v. State*, 70 Wis.2d 362, 366–67, 234 N.W.2d 79, 81–82 (1975).
† Petition to review granted.