Gary Allan THIEME, Plaintiff in error,

V.

STATE of Wisconsin, Defendant in error-Petitioner.

Supreme Court

*No. 78–221–CR. Argued April 2, 1980.—Decided May 6, 1980.*

(Also reported in 291 N.W.2d 474.)

For the defendant in error-petitioner the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the plaintiff in error the cause was argued by *Thomas K. Zander,* assistant state public defender, with

whom on brief was *Howard B. Eisenberg,* state public defender.

CONNOR T. HANSEN, J. On December 2, 1976, Gary Allan Thieme (hereinafter defendant) pleaded guilty to and was convicted of burglary, in violation of sec. 943.10(1)(a), Stats., in the county court of Waukesha county. The defendant admitted that he had broken into a drug store earlier that day. On December 27, 1976, the defendant was sentenced to a term of imprisonment not to exceed five years, execution of the sentence was stayed, and the defendant was placed on probation for a period of five years. As conditions of probation, the trial court required the defendant (1) to spend the first year of non-working hours in the Waukesha county jail paying the same rate for room and board as Huber Law prisoners; (2) to receive alcohol abuse therapy; and (3) to make restitution in an amount to be determined.

The defendant was employed under work-release privileges from the county jail from January 3, 1977, to February 28, 1977. On March 18, 1977, a check in the amount of $551.73 was delivered from the defendant's account at the jail to his probation officer. On March 29, 1977, the defendant was convicted of an unrelated violation of sec. 943.20(1)(a), Stats. (felony theft). He was sentenced to a term of three years to be served concurrently with the sentence on the burglary conviction. The defendant's probation was revoked on April 19, 1977, and sentence on the burglary conviction was executed. On June 8, 1977, the trial court ordered the defendant and his co-defendant to jointly and severally pay restitution in the amount of $1,746.51.

On February 23, 1978, the defendant filed a motion for modification of restitution. The defendant sought an order (1) vacating the restitution order entered on June

8, 1977, on the ground that the order was not authorized by law and was excessive, and (2) directing the state to refund the $551.73 to the defendant because it was taken before the entry of a restitution order authorizing the taking. This motion was denied on April 19, 1978.

The defendant brought a writ of error before the court of appeals to review the order denying the motion for modification of restitution. The order was reversed by the court of appeals in *Thieme v. State,* 89 Wis.2d 287, 278 N.W.2d 274 (Ct. App. 1979). The court of appeals held that no amount of money could be taken from a defendant in satisfaction of a requirement to pay restitution until an order has been entered specifying the amount of restitution to be paid, and, accordingly, the court ordered that the money taken from the defendant's account be refunded. The court of appeals also vacated the restitution order entered on June 8, 1977, on the ground that the trial court had no authority to order restitution when the defendant was serving his term of imprisonment imposed on the burglary conviction. We reverse and remand to the trial court for further proceedings.

The primary issue to be determined is whether an order requiring the payment of restitution by a defendant in an amount to be determined authorizes the collection of funds from the defendant.

Sec. 973.09(1), Stats.,[1] authorizes the imposition of restitution in a proper case as a reasonable and appropri-

---

[1] Sec. 973.09(1), Stats., provides: " . . . **Probation.** (1) When a person is convicted of a crime, the court may, by order, withhold sentence or impose sentence and stay its execution, and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously."

ate condition of probation. *Huggett v. State,* 83 Wis.2d 790, 796, 266 N.W.2d 403 (1978) ; *State v. O'Connor,* 77 Wis.2d 261, 294, 252 N.W.2d 671 (1977) ; *State v. Gerard,* 57 Wis.2d 611, 618, 619, 205 N.W.2d 374 (1973), *appeal dismissed* 414 U.S. 804 (1973). In this case the trial court ordered the defendant to pay restitution in an amount "to be determine[d]." This court stated in *State v. Scherr,* 9 Wis.2d 418, 425, 101 N.W.2d 77 (1960), that the better practice is for the trial court to determine the amount of restitution before placing the defendant on probation, and we recognized in *State v. O'Connor, supra,* at 296, that a defendant has a right to an order establishing the amount of restitution. However, failure to fix the amount of restitution does not render a restitution order invalid. In *State v. Scherr, supra,* we recognized that restitution, in some circumstances, might be ordered as a condition of probation even though the amount of restitution is left to be determined in the future, and that such an indeterminate restitution order was a proper basis for the continuing exercise of jurisdiction by the trial court. The record in the instant case does not indicate whether the trial court had sufficient facts to determine the exact amount of restitution at the time of sentencing. But, in any event, the restitution order of December 27, 1976, was not made invalid by its failure to specify the amount of restitution.

The court of appeals concluded that because the restitution order entered on December 27, 1976, did not specify the amount of restitution to be paid, the order had no legal effect and did not authorize the removal of money from the defendant's account. We believe that the December 27, 1976, order was valid, subject, of course, to the defendant's right to have the exact amount of restitution determined. It was that order which estab-

lished the defendant's liability for restitution. What remained to be determined was only the extent of that liability. And because that order established the defendant's obligation to make restitution, it authorized the collection of money from him to be applied toward satisfaction of that obligation. Therefore, the probation officer had the right to remove money from the defendant's account and hold it in escrow pending a determination of the exact amount which the defendant owed.

After the $551.73 was removed from the defendant's account, his probation was revoked and the defendant began serving his sentence on the burglary conviction following his conviction for an unrelated offense. Six weeks later, on June 8, 1977, the trial court ordered the defendant to pay restitution in the amount of $1,746.51. The state agrees that the defendant was not liable for the full amount of $1,746.51 and the trial court had no authority to order the defendant to pay that amount, since a condition of probation cannot be enforced after probation has been revoked and sentence imposed.

This court has held that a trial court has no authority to impose restitution for an offense for which a defendant received a sentence of imprisonment. *Garski v. State,* 75 Wis.2d 62, 72–75, 248 N.W.2d 425 (1977); *Spannuth v. State,* 70 Wis.2d 362, 366, 367, 234 N.W.2d 79 (1975). In *Spannuth* the trial court ordered the defendant to pay restitution as a condition of his sentence to imprisonment. In *Garski* the defendant was sentenced to imprisonment for three offenses and was placed on probation for another offense, and the probation order required the defendant to make restitution for all four offenses. In the instant case, restitution was ordered as a condition of probation and it was only the amount of restitution which had not been determined at the time

the defendant's probation was revoked and sentence imposed. While *Spannuth* and *Garski* would invalidate any restitution payments or order of restitution made after probation was revoked and sentence imposed, those cases were not intended to nullify payments of restitution made during the probation period and before revocation has occurred.

The court of appeals, relying on *Garski* and *Spannuth*, held that the order of June 8, 1977, was of no effect because a trial court cannot require restitution for an offense for which the defendant is imprisoned. Because the court of appeals also found the December 27, 1976, order to be invalid, the court in effect concluded that the defendant had no legal obligation to pay $551.73 or any other amount as restitution. We have already held that the order entered on December 27, 1976, established the defendant's obligation to pay restitution and that $551.73 was properly collected from the defendant pursuant to that order. Although the trial court had no authority to order the defendant to pay $1,746.51 after his probation was revoked and he was imprisoned, the fact that the order fixing the amount of restitution was not entered until that time does not nullify the payment of restitution made during the probation period. That payment was legally authorized and the trial court, pursuant to its obligation to determine a specific amount of restitution, could have found that restitution in the amount of $551.73 or a lesser amount was appropriate.

Because the trial court had no authority to order the defendant to pay $1,746.51 as restitution, the defendant's motion for modification of restitution had merit. At the time of the motion the trial court should have vacated the June 8, 1977, restitution order and held an evidentiary hearing to determine the specific amount of restitution to be paid by the defendant pursuant to the restitu-

tion order of December 27, 1976. Therefore, we remand this case to the trial court for such a hearing. The maximum amount which the trial court may order the defendant to pay is $551.73, since that is the amount which was collected during the probation period.

It appears from the record that at the time the defendant and his accomplice were arrested they were in the process of burglarizing a drug store, and had collected a substantial quantity of drugs and placed them in a plastic bag. The police seized these drugs as evidence and removed them from the drug store, rendering them worthless.[2] The cost of these drugs was included in the $1,746.51 which the defendant was ordered to pay as restitution. At the evidentiary hearing, the trial court should determine whether the defendant should be required to contribute to the cost of the drugs.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

CALLOW, J., took no part.

---

[2] Wis. Adm. Code sec. Phar. 1.13 provides that drugs cannot be returned to a pharmacy after they have been taken from the premises.