STATE of Wisconsin, Plaintiff-Respondent,

v.

James D. MINNIECHESKE, Defendant-Appellant.†

Court of Appeals

*No. 98–1369. Submitted on briefs November 16, 1998.—Decided December 1, 1998.*

(Also reported in 590 N.W.2d 17.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jane Krueger Smith*, Oconto Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *James M. Freimuth*, assistant attorney general.

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J. James D. Minniecheske appeals an order denying his motions for an order directing the State to reimburse him for money unlawfully collected pursuant to a restitution order. Minniecheske contends that in addition to amending the judgment of conviction to remove an order for restitution, the trial court should have ordered the State to reimburse him for funds it seized after his imprisonment rendered the restitution order a nullity. We conclude that the trial court properly amended the judgment of conviction by striking the restitution order. We also agree with the trial court that it lacked the competency to order the State to refund the money collected pursuant to the restitution order after Minniecheske's imprisonment. Accordingly, the order amending the judgment but declining to order reimbursement of the restitution improperly collected is affirmed.

Minniecheske was convicted of party to a crime felony theft. He was sentenced to three years imprisonment, which was stayed in favor of seven years probation with the conditions that he serve six months in jail and pay $27,719.96 restitution. Minniecheske's probation was subsequently revoked and the previously stayed prison sentence was executed. While imprisoned, Minniecheske's prison industrial earnings

account was debited $1,243.61 to collect the restitution. The State collected an additional $300 after his release from prison, which was also applied to the restitution obligation.

The parties agree that when Minniecheske was returned to prison after his probation revocation in 1996, the restitution provision was no longer enforceable. Currently, § 973.20(1r), STATS., authorizes a court to order restitution even if the defendant is ordered to prison. Before this statute was enacted by 1987 Wis. Act 398, however, a sentencing court could not require a defendant sentenced to prison to pay restitution for the crime. *Garski v. State*, 75 Wis. 2d 62, 72–75, 248 N.W.2d 425, 431–32 (1977). The effective date for the Act was September 1, 1988, but it applied only to persons who committed crimes after that date. 1987 Wis. Act 398, § 44. In this case, Minniecheske's crime was committed no later than February 1987, before the effective date of the statute. Therefore, when Minniecheske's probation was revoked and he was imprisoned in 1996, the restitution condition was no longer enforceable. The parties thus concur that the State lacked authority to collect restitution after Minniecheske's imprisonment. The parties also agree that the total amount improperly seized was $1,543.61.

■
The sole issue on appeal is the power of the sentencing court to order the State to refund the restitution improperly collected. The competency of a sentencing court to order a refund of money the State improperly seized presents a question of law we resolve independently from the trial court. *Shorewood v. Steinberg*, 174 Wis. 2d 191, 200, 496 N.W.2d 57, 60 (1993).

Minniecheske filed a writ of habeas corpus, a § 974.06, STATS., postconviction relief motion, and a

motion to modify sentence. These motions all sought to eliminate the restitution condition from the judgment of conviction and sought an order directing the State to reimburse Minniecheske the $1,543.61 seized following his imprisonment. The trial court amended the judgment by removing the obligation to make restitution but refused to direct the State to make reimbursement for the restitution collected while Minniecheske was imprisoned.

We conclude that the trial court correctly amended the judgment of conviction to remove the restitution obligation.[1] We further agree that, given the procedural context of Minniecheske's postconviction motions, the sentencing court lacks competency to issue a money judgment against the State even though the claim arises from improperly seized assets pursuant to restitution order entered in the criminal proceedings. Each of the requests for relief Minniecheske filed are designed for purposes other than obtaining a money judgment against the State.

The concept of a court's competency must be distinguished from the concept of jurisdiction. In Wisconsin, a circuit court's subject matter jurisdiction is conferred by the state constitution, not by legislative acts. *In re B.J.N.*, 162 Wis. 2d 635, 655–56, 469 N.W.2d 845, 853 (1991). The circuit courts are sufficiently vested with subject matter jurisdiction to resolve claims such as the claim asserted here. The court's competency to proceed, however, addresses its ability to undertake a consider-

---

[1] The State does not dispute that Minniecheske's motion to modify sentence articulated a "new factor," which enabled the trial court to remove the restitution condition from the judgment. *See State v. Wuensch*, 69 Wis. 2d 467, 472–73, 230 N.W.2d 665, 668–69 (1975).

ation of the specific case or issue before it. *Id.* at 656, 469 N.W.2d at 853. The legislature confers a circuit court's lesser powers, otherwise characterized as the court's "competency." *Id.* at 655–56, 469 N.W.2d at 853. Minniecheske did not ground his action in any of the statutory mechanisms the legislature provided for suits against the State.

■

A petition for a writ of habeas corpus is designed to challenge the taking of a person's liberty, not to obtain a money judgment. It is confined to situations in which there is a pressing need for relief or when the process or judgment upon which a prisoner is held is void. *State ex rel. Dowe v. Waukesha County Cir. Ct.*, 184 Wis. 2d 724, 728–29, 516 N.W.2d 714, 716 (1994).

■

A § 974.06, STATS., postconviction motion permits defendants to challenge judgments of conviction when jurisdictional issues are raised or constitutional rights have been violated. *Vara v. State*, 56 Wis. 2d 390, 392, 202 N.W.2d 10, 11 (1972). By its express language, however, § 974.06 only allows the sentencing court to correct the sentence "*as may appear appropriate.*" Section 974.06(3)(d), STATS. (Emphasis added.)[2] Further, a

---

[2] Section 974.06(3)(d), STATS., states:

(3) Unless the motion and the files and records of the action conclusively show that the person is entitled to no relief, the court shall:

. . . .

(d) Determine the issues and make findings of fact and conclusions of law. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the person as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall

criminal defendant moving for relief under this section may only move the court which imposed the sentence to "vacate, set aside or correct the sentence." Section 974.06(1), STATS. While this statute may be a proper vehicle to remove the restitution order from the judgment of conviction, it does not authorize the trial court to award a money judgment against the State.

In addition to the § 974.06, STATS., motion, Minniecheske filed a motion to modify sentence. Minniecheske's motion is also a proper vehicle to secure the removal of an invalid restitution order from a judgment of conviction. Once again, however, modifying a criminal sentence will not automatically result in obtaining a money judgment against the State. There is no authority in the context of such a motion for the court to order the State to refund such money. We therefore conclude that the writs and motions filed do not permit obtaining a money judgment against the State.

Minniecheske appears to argue that the sentencing court in a criminal matter is empowered to issue a money judgment against the State as part of the court's "implied or incidental" powers. We acknowledge that circuit courts are accorded incidental powers necessary to carry out their judicial functions. *State v. Cannon*, 199 Wis. 401, 402, 226 N.W. 385, 386 (1929). We also acknowledge that to fulfill those functions, circuit courts may *in appropriate cases* make ex parte orders without formally instituting an action to secure the desired relief. *Polk County v. State Public Defender*, 188 Wis. 2d 665, 673, 524 N.W.2d 389, 392 (1994). However, we agree with the State that in order for a

discharge the person or resentence him or her or grant a new trial or correct the sentence as may appear appropriate.

circuit court to make use of its incidental powers, it must first have competency to proceed to resolve the matter before it. Furthermore, the incidental power sought to be invoked must be "necessary" for resolution of the matter. *Id.* at 672–73, 524 N.W.2d at 392. Here, the criminal court may address all matters related to the criminal prosecution and such incidental or ancillary matters as were essential to carry out appropriately delegated judicial functions. Rendering a money judgment against the State, however, was not necessary to resolve the criminal matter before the circuit court. The court could and did modify the judgment removing the restitution condition but it did not have the authority to determine the amount of restitution improperly collected or to order repayment under the procedural mechanisms Minniecheske used to bring the matter to court.

Minniecheske relies upon two cases which he contends authorize a circuit court sitting in criminal jurisdiction to issue a money judgment against the State. We do not find either case persuasive. In *Thieme v. State*, 89 Wis. 2d 287, 278 N.W.2d 274 (Ct. App. 1979), *rev'd and remanded, Thieme v. State*, 96 Wis. 2d 98, 291, N.W.2d 474 (1980), we held that no money could be taken from a defendant on probation to satisfy a restitution requirement until an order is entered which specifies the amount of restitution. Because money was taken from the defendant's account on an indeterminate restitution order, we ordered that the money taken be refunded. *Id.* at 290, 278 N.W.2d at 276. This is the language upon which Minniecheske relies for the proposition that a sentencing court may order the State to refund improperly seized restitution. We also vacated a subsequent restitution order identifying the specific amount of restitution on the grounds

that the trial court had no authority to order restitution at that point because the defendant had been ordered back to prison. *Id* at 290–91, 278 N.W.2d at 276. The supreme court reversed, holding that the indeterminate restitution order was valid, and remanded the matter to the trial court for a determination as to the proper amount of restitution. *Thieme v. State*, 96 Wis. 2d 98, 105, 291 N.W.2d 474, 477 (1980). The question of the trial court's authority to order a "refund" of restitution improperly collected was not and did not need to be addressed. Consequently, *Thieme* is of dubious precedential value to support Minniecheske's present claim.

Minniecheske also relies upon *Polk County* for the proposition that an appeal of a court order by an aggrieved party in a defensive position cannot be characterized as a suit against the State, therefore precluding the sovereign immunity defense. This case is distinguishable. In *Polk County*, the parties did not dispute the court's competency to appoint expert witnesses ex parte in an underlying criminal matter. They did, however, dispute the court's order mandating that the county pay the experts' fees. We concluded the state public defender must bear that cost in *Polk County v. State Public Defender*, 179 Wis. 2d 312, 320, 507 N.W.2d 576, 579 (Ct. App. 1993). On supreme court review, the State did not challenge the trial court's competency to order the State to bear the cost of the witness fees; it only raised the issue whether the state public defender as an agency of the State could invoke the sovereign immunity defense. *Polk County*, 188 Wis. 2d at 677, 524 N.W.2d at 393–94. Here, the State has not raised a sovereign immunity defense. Raising sovereign immunity as a defense presupposes the court already has competency to determine the claim before

501

it. Instead, the State challenges the sentencing court's competency to order a refund of improperly seized restitution.

Nonetheless, we agree with Minniecheske that there must be a remedy that can enable him to successfully recover the money the State improperly seized. The nature of that remedy is not, however, before us. Minniecheske seems to acknowledge that if the doctrine of sovereign immunity precluded this claim, he could file a claim with the state claims board which is specifically authorized to remedy claims such as those Minnecheske asserts. Sections 16.007 and 775.01, STATS. If sovereign immunity does not preclude Minniecheske's claim, he could initiate a direct suit against the State for a refund of the improperly seized restitution. Further, citizens may also assert claims against the State by seeking the introduction of private bills of relief through their state representatives. *State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499, 503 (1994). Our conclusion that the criminal court is without competency to enter a money judgment against the State, therefore, does not leave Minniecheske without remedy.

*By the Court.*—Order affirmed.