REILLY, P.J.
*441 ¶ 1 Marquis T. Williams pled guilty in 2014 to first-degree reckless homicide, *178 was sentenced to prison for seven years, and was ordered to pay $25,142.80 in restitution. Williams does not challenge the imposition of restitution nor its amount, see *442 WIS. STAT. § 973.20 (2015-16),[1] but he does object to the Department of Corrections (DOC) deducting funds from his prison account to pay his restitution obligation. Williams moved his sentencing court to order DOC to stop taking funds from his prison account to pay his restitution obligation. The circuit court denied Williams' request. We affirm, as the circuit court, sitting in its role as the sentencing court, did not have competency to address Williams' motion. As an inmate, Williams' recourse is to the inmate complaint review system (ICRS), WIS. ADMIN. CODE ch. DOC 310 (Dec. 2014), which, if denied at the administrative level, allows Williams to bring a writ of certiorari to the circuit court. As Williams did not utilize nor exhaust his administrative remedies under the ICRS, the circuit court, sitting as the sentencing court, did not have competency to entertain Williams' motion.
¶ 2 It has long been the law that restitution may be disbursed from an inmate's prison account. See State v. Greene , 2008 WI App 100, ¶ 12, 313 Wis. 2d 211, 756 N.W.2d 411 ; State v. Baker , 2001 WI App 100, ¶¶ 17-19, 243 Wis. 2d 77, 626 N.W.2d 862. In 2015, WIS. STAT. §§ 301.32(1) and 973.20(11)(c) codified the common law by specifically authorizing the DOC to take restitution from an inmate's account at "an amount or a percentage the [DOC] determines is reasonable for payment to victims."[2] See 2015 Wis. Act 355 (Act 355).
*443 ¶ 3 In State v. Minniecheske , 223 Wis. 2d 493, 495, 590 N.W.2d 17 (Ct. App. 1998), the defendant sought an order directing the State to reimburse him for money unlawfully collected under a restitution order. We determined that the court "may address all matters related to the criminal prosecution and such incidental or ancillary matters as were essential to carry out appropriately delegated judicial functions," but we explained that rendering a money judgment for reimbursement of funds taken for restitution was "not necessary to resolve the criminal matter before the circuit court." Id. at 500, 590 N.W.2d 17. Accordingly, the circuit court "could and did modify the judgment ... but it did not have the authority to determine the amount of restitution improperly collected or to order repayment under the procedural mechanisms." Id. We explained that neither a writ of habeas corpus, nor a WIS. STAT. § 974.06 postconviction motion, nor a motion to modify sentence was the proper vehicle to obtain the relief the defendant sought. Id. at 498-99, 590 N.W.2d 17.
¶ 4 Applying the reasoning of the Minniecheske court, we conclude that the circuit court, acting as the sentencing court, lacks the competency to address an allegedly improper disbursement of funds by the DOC. Once an inmate is sentenced to prison, he or she is under the control of the executive branch and must address his or her objections to the internal operating procedures of the DOC through the ICRS, WIS. ADMIN. CODE ch. DOC 310, and then, if *179 necessary, by writ of certiorari to the circuit court. Cf. *444 State ex rel. Curtis v. Litscher , 2002 WI App 172, ¶ 12, 256 Wis. 2d 787, 650 N.W.2d 43 ("A decision may be reviewed by common law certiorari when no legislative provision establishes how review may be had. Certiorari is the well-established mode of judicial review for inmates of Wisconsin prisons who seek to challenge prison disciplinary decisions." (citation omitted) ).
¶ 5 WISCONSIN ADMIN. CODE § DOC 310.01 provides that the purpose of the ICRS is to provide inmates a process by which grievances may be expeditiously raised, investigated, and decided. In order to use the ICRS, an inmate must first file a complaint with the institution complaint examiner under § DOC 310.09. The inmate will then receive a decision from the reviewing authority under § DOC 310.12. If the inmate is dissatisfied, he or she may appeal the decision to the corrections complaint examiner who will recommend a decision to the secretary of the DOC. Secs. DOC 310.13, 310.03(15). The secretary will make a decision whether to accept, reject, modify, or remand the recommendation of the corrections complaint examiner at which time the administrative remedies will have been exhausted. Sec. DOC 310.14. Before filing a petition for a writ of certiorari in the circuit court,[3] an inmate must exhaust all his or her administrative remedies. Sec. DOC 310.05; see also WIS. STAT. § 801.02(7)(b).
*445 ¶ 6 Williams did not file a complaint in accordance with the procedures found in WIS. ADMIN. CODE ch. DOC 310. Williams filed an "Interview/Information Request" and received a response from the business office. He then filed a motion with the sentencing court. As Williams did not follow the proper administrative procedure to challenge the DOC's disbursement of his prison funds for restitution, the circuit court properly denied his request.
¶ 7 Williams also challenges the collection of funds from his prison account as a violation of his judgment of conviction. We disagree. The judgment of conviction provides that "[i]f Probation/Extended Supervision is revoked and/or a prison term ordered, outstanding financial obligations shall be collected pursuant to statutory provisions, including deductions from inmate prison monies."[4] With the inclusion of the word "or," the language clearly states that "[i]f ... a prison term [is] ordered, outstanding financial obligations shall be collected ... including deductions from inmate prison monies."[5] As previously *180 discussed, the *446 DOC can collect restitution from an inmate's account, and nothing in the judgment of conviction provides otherwise. Once the court orders restitution, it is within the DOC's authority to collect it from an inmate. See WIS. STAT. §§ 301.31, 301.32(1), 303.01(8).
By the Court. -Order affirmed.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted. We recognize that Wis. Stat. § 973.20 (2013-14) was in effect at the time of sentencing, but the portions of the statute pertaining to the imposition of restitution have not changed.

Williams claims that 2015 Wis. Act 355 is not applicable to him as he was sentenced before it was enacted. As Act 355 was not applied retroactively to Williams and did not alter the authority the DOC previously had under the common law, we will not further address Williams' ex post facto claim.

As stated in State v. Goulette , 65 Wis. 2d 207, 215, 222 N.W.2d 622 (1974) :
The well-settled rule in Wisconsin is that on review by certiorari the reviewing court is limited to determining: (1) Whether the [administrative body] kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.

According to the DOC business office, Department of Adult Institutions policy 309.45.02 VII(A) provides that "[w]hen the [judgment of conviction (JOC) ] lists restitution, court costs and other obligations as a Condition of [Extended Supervision (ES) ] and the inmate is not on ES, facilities shall set up the obligation."

Williams suggests that "the sentencing judge did not grant authorization upon the DOC to collect restitution nor costs from the defendant-appellant during the initial incarceration, but rather recognized the hardship that it would inflict upon the defendant-appellant if being taken from the defendant-appellant during the initial incarceration." Contrary to Williams' contention, we note that the sentencing court did not discuss any "hardship" that Williams would suffer. The discussion on the record was short, and the court never indicated that it was ordering restitution to be paid only during extended supervision.