COURT OF APPEALS
DECISION
DATED AND FILED

June 3, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1601**

**STATE OF WISCONSIN**

Cir. Ct. No. **2019CV362**

**IN COURT OF APPEALS
DISTRICT IV**

JACQUESE HARRELL, SR.,

PETITIONER-RESPONDENT,

V.

KEVIN A. CARR,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: PETER ANDERSON, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jacquese Harrell, Sr., brought this certiorari action in circuit court to challenge a decision by the Secretary of the Wisconsin Department

of Corrections (the "Department"). The Department's decision rejected Harrell's claim that the Department unlawfully deducted funds from his prison trust account at a rate of 50% to satisfy his restitution obligations. Harrell's judgment of conviction specifies a rate of 25% for such deductions. The circuit court reversed the Department's decision, and the Department now appeals.

¶2 Based on our recent decision in *State ex rel. Ortiz v. Carr*, 2022 WI App 16, __ Wis. 2d __, __ N.W.2d __, and on Harrell's judgment of conviction, we affirm the circuit court and conclude that the judgment of conviction requires the Department to deduct at a rate of not more, and not less, than 25% of Harrell's prison wages and his gifted funds.[1]

### Background

¶3 Harrell was convicted and sentenced in 2008. The sentencing court ordered Harrell to pay $7,256.40 in restitution. The record contains both a 2010 amended judgment of conviction and a 2018 amended judgment of conviction. Based on the parties' arguments, we understand the parties to agree that the 2018

---

[1] This court appointed Attorney Jason D. Luczak of the firm Gimbel, Reilly, Guerin & Brown LLP to represent Harrell through the State Bar of Wisconsin's Appellate Practice Section pro bono program. We appreciate and commend Attorney Luczak's volunteer work and the work of Attorney Jorge R. Fragoso of the same firm.

Harrell initially filed a pro se respondent's brief, and the Department initially filed a reply brief based on that pro se brief. After we appointed counsel for Harrell, we ordered Harrell's counsel to file a substitute respondent's brief and the Department's counsel to file a substitute reply brief. For the purposes of this appeal, we consider the arguments presented in the substitute respondent's and reply briefs. To the extent that the substitute respondent's brief attempts to incorporate by reference arguments made in the original brief that Harrell filed pro se, we do not consider those arguments.

amended judgment of conviction is the operative judgment. We will refer to that judgment as "the JOC."

¶4      The JOC contains two relevant provisions relating to collection of restitution. First, the JOC states that it was amended to reflect the court's order that restitution shall be collected by the Department from "25% of PRISON EARNINGS." Second, the JOC states more generally that restitution shall be collected by the Department from "25% of funds."[2]

¶5      Pursuant to an administrative policy issued after Harrell's conviction and sentencing, the Department increased deductions for the payment of restitution from Harrell's prison trust account from 25% to 50%. Harrell filed an internal inmate complaint in which he claimed that the Department incorrectly relied on its policy to deduct 50% of gifted funds in his account. The warden dismissed Harrell's complaint, and the Department Secretary upheld the dismissal.[3]

¶6      Harrell petitioned the circuit court for certiorari review. He argued that the Department was not authorized to make deductions from his gifted funds and that deductions from his prison wages were limited to 25%.

---

[2] This second provision in the JOC states more fully that restitution shall be collected by the Department from "25% of funds under [WIS. STAT. §] 973.05(4)(b)." This statutory provision specifies a procedure to follow when a defendant fails to pay a "fine, surcharge, costs, or fees." *See* § 973.05(4)(b). The Department asserts that the JOC's reference to this provision must be a typographical error because, on its face, the provision does not apply to restitution. The Department further asserts that the provision has no applicability here. Harrell does not dispute these assertions. Accordingly, we disregard the JOC's reference to § 973.05(4)(b).

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] The caption of this appeal has been changed to reflect the name of the current Department Secretary, Kevin Carr. *See* WIS. STAT. § 803.10(4)(a).

¶7     The circuit court reversed the Department's decision. The court concluded that the sentencing court had the authority to select the rate at which funds would be deducted from Harrell's prison wages and that the Department was required to adhere to the terms of the JOC. The court's order noted that Harrell also challenged deductions from his gifted funds, but the court did not directly address those funds.[4] The court remanded to the Department for further review consistent with its order. The Department's appeal followed.

## *Discussion*

¶8     "On certiorari we review the agency decision, not the decision of the circuit court." *State ex rel. Markovic v. Litscher*, 2018 WI App 44, ¶9, 383 Wis. 2d 576, 916 N.W.2d 202. Our review is limited to the following four inquiries:

> (1) whether the [Department] acted within the bounds of its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will, not its judgment; and (4) whether the evidence was sufficient that the [Department] might reasonably make the determination that it did.

*State ex rel. Greer v. Wiedenhoeft*, 2014 WI 19, ¶35, 353 Wis. 2d 307, 845 N.W.2d 373.

¶9     Here, the parties dispute whether the Department acted according to law, a question that we review de novo without deference to the Department's

---

[4] We address Harrell's gifted funds in this opinion because the issue was raised in Harrell's inmate complaint and certiorari petition and is argued by the parties on appeal.

conclusions. *See id.*, ¶36. We resolve this question against the Department based on our decision in *Ortiz* and the restitution provisions in Harrell's JOC.[5]

¶10 The judgment of conviction in *Ortiz* stated in pertinent part that the court "ordered restitution to be paid from 25% of prison wages." *Ortiz*, 2022 WI App 16, ¶1. Ortiz contended that the Department violated that order when it deducted for payment of restitution 50% of Ortiz's prison wages and gifted funds from his prison account. *Id.* The Department contended that the 50% rate of deduction was not contrary to law. *Id.*, ¶2. The Department argued that the sentencing court does not have the authority to determine the percentage or amount that is deducted for the payment of restitution, and that instead the Department has the exclusive authority to determine the percentage or amount. *Id.*

¶11 We concluded in *Ortiz* that Ortiz's judgment of conviction required the Department to deduct not more, and not less, than 25% from Ortiz's prison wages for restitution. *Id.*, ¶3. More generally, we concluded that the sentencing court under the circumstances had "the authority to determine the percentage or amount that is to be deducted from Ortiz's prison wages to satisfy his restitution obligation," that "the Department is required to adhere to the sentencing court's order regarding deductions," and that "the Department does not have exclusive authority in that regard." *Id.*

---

[5] As in *State ex rel. Ortiz v. Carr*, 2022 WI App 16, __ Wis. 2d __, __ N.W.2d __, the parties agree that the provisions of 2015 Wis. Act 355 which amended WIS. STAT. § 301.32(1) (2008-09) and created WIS. STAT. § 973.20(11)(c) do not apply under the circumstances here. *See Ortiz*, 2022 WI App 16, ¶¶12-13. Accordingly, as in *Ortiz*, we do not rely on provisions in Act 355. *See Ortiz*, 2022 WI App 16, ¶14.

¶12    Here, the JOC expressly provides that the Department shall collect 25% of Harrell's prison wages to satisfy his restitution obligation, and the JOC also more generally provides that the Department shall collect "25% of funds" for that same purpose.  Given this language in the JOC, and following *Ortiz*, we conclude that the JOC requires the Department to deduct not more, and not less, than 25% of Harrell's prison wages and gifted funds.[6]

¶13    The Department makes the same arguments here that it made in *Ortiz*, and nothing in those arguments persuades us that the arguments should prevail based on any difference in Harrell's circumstances.  Indeed, the Department in briefing in this court agrees that the circumstances here and in *Ortiz* are "nearly identical."  In *Ortiz*, we addressed the Department's arguments primarily in the context of prison wages.  However, for reasons we now explain, we conclude that our reasoning in *Ortiz* relating to prison wages applies to Harrell's gifted funds.

¶14    We have identified only one way in which our reasoning in *Ortiz* relating to prison wages might differ with respect to Harrell's gifted funds, but we ultimately conclude that this difference is not significant.  Our reasoning in *Ortiz* depended, in part, on our interpretation of WIS. STAT. § 973.20(10).[7]  Section 973.20(10)(a) provides that the sentencing court "may require that restitution be paid immediately, within a specified period or in specified

---

[6] The Department asserts that Harrell's case involves only gifted funds, and that the record contains no evidence of Harrell receiving prison wages.  We disagree that there is no evidence of Harrell receiving prison wages.  Although Harrell's internal inmate complaint focused on gifted funds, his submissions to the circuit court include a trust account statement containing entries titled "Payroll Adjustment."  Those entries indicate that Harrell has received prison wages and may continue to receive prison wages.  Therefore, we address Harrell's prison wages as well as his gifted funds.

[7] We quote the current version of WIS. STAT. § 973.20(10).  *See Ortiz*, 2022 WI App 16, ¶32 n.13 (explaining that the current version has been divided into subparts but that the relevant text has remained the same).

installments." In *Ortiz*, we rejected the Department's argument "that the phrase 'specified installments' must be interpreted as meaning only a 'set dollar amount[] paid at set intervals,' as distinguished from payments of a particular percentage at regular intervals." *Ortiz*, 2022 WI App 16, ¶33. We concluded instead that the phrase "specified installments" includes "periodic partial payments whose precise numerical amount may vary from payment to payment based on a specified percentage." *Id.*, ¶35. Therefore, we concluded, the sentencing court was "statutorily authorized in [Ortiz's] circumstances to order that Ortiz's restitution obligation be paid from a percentage of his prison wages." *Id.*, ¶37. Here, we similarly conclude that, although Harrell's gifted funds are not a "'set dollar amount[] paid at set intervals,'" the sentencing court had authority to order that Harrell's restitution obligation be satisfied by "periodic partial payments whose precise numerical amount may vary from payment to payment" based on the percentage specified in the JOC. *See id.*, ¶¶33, 35.[8]

¶15 To summarize, we conclude based on *Ortiz* and the JOC that the Department is required to deduct not more, and not less, than 25% of Harrell's prison wages and gifted funds for the payment of Harrell's restitution obligation.[9]

¶16 Harrell argues that the JOC allows the Department to deduct only from his prison wages because the JOC states that it was amended to reflect the court's order that the Department shall collect restitution from "25% of PRISON EARNINGS." However, Harrell's argument does not account for the fact that the

---

[8] We note that the record includes evidence that Harrell periodically receives gifted funds. We need not address whether our reasoning in *Ortiz* would apply in circumstances involving a one-time deposit of funds or other non-"periodic" payment.

[9] The parties do not address whether there may be other sources of funds in Harrell's prison account, and we do not address other sources of funds.

JOC also includes the more general provision stating that the Department shall collect restitution from "25% of funds." On its face, the more general provision is not limited to prison wages, and Harrell makes no developed argument explaining why we would disregard this provision or construe it to exclude gifted funds.

¶17    For all of the reasons stated above, we affirm the circuit court's order reversing the Department's decision.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.