COURT OF APPEALS
DECISION
DATED AND FILED

March 30, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP219**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV957

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN EX REL. LARRY T. WHITTAKER,

   PETITIONER-APPELLANT,

 V.

DANIEL WINKLESKI, WARDEN, AND KEVIN CARR, SECRETARY, DEPARTMENT OF CORRECTIONS,

   RESPONDENTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Dane County: JOSANN M. REYNOLDS, Judge. *Reversed and cause remanded with directions*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   The judgment of conviction for a criminal case in which Larry Whittaker was sentenced to prison states in pertinent part:  "Court costs, fees, surcharges and restitution to be paid through collection by the [D]epartment of Corrections from 25% of funds under [WIS. STAT. §] 973.05(4)(b) [(2021-22)[1]] and as a condition of extended supervision."  The Secretary of the Wisconsin Department of Corrections (the "Department") dismissed Whittaker's inmate complaint, which argued that the Department violated the restitution order in the judgment of conviction when the Department deducted for payment of restitution 50% of Whittaker's funds in Whittaker's prison account.  Whittaker petitioned the Dane County Circuit Court for a writ of certiorari regarding the Department's decision.  Whittaker argues that the circuit court erred in concluding that the Department did not act contrary to law in deducting amounts from his funds to pay his restitution obligation.  For the following reasons, we conclude that the Department acted contrary to law in deducting 50% of Whittaker's funds for his restitution obligation and, as a result, we reverse the order of the circuit court.[2]

## BACKGROUND

¶2      There is no dispute as to the following material facts.

¶3      In 2014, Whittaker was convicted in the Milwaukee County Circuit Court (the "sentencing court") of first-degree reckless homicide and sentenced to

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] We observe that the circuit court did not have the benefit of this court's opinion in *State ex rel. Ortiz v. Carr*, 2022 WI App 16, 401 Wis. 2d 450, 973 N.W.2d 786, at the time it made its ruling in this matter.

confinement in state prison and extended supervision. Also in 2014, the sentencing court ordered the payment of more than $67,000 for restitution from Whittaker to two crime victims. The restitution amount was increased at a 2018 restitution hearing before the sentencing court. The amended judgment of conviction (the "JOC"), which the parties agree is the operative judgment of conviction for purposes of this appeal, states in pertinent part:

> 07-25-2014  Restitution
>
> $850.00 to Russell P.; and $66,264.70 to Alyssa Z
>
> ***12-21-2018/Judge Mark Sanders:  Restitution Hearing: Court ordered restitution in the amount of $67,154.07 to Alyssa Z.  Remainder of the order as previously determined at sentencing to remain in effect:  "Court costs, fees, surcharges and restitution to be paid through collection by the [D]epartment of Corrections from 25% of funds under [WIS. STAT. §] 973.05(4)(b) and as a condition of extended supervision."
>
> "Court ordered restitution be paid first before costs, fees and surcharges are paid."***
>
> 07-25-2014  Costs
>
> Pay DNA surcharge, all costs, fees and surcharges.
>
> AS TO RESTITUTION/ALL FINANCIAL OBLIGATIONS:  to be paid through collection by DOC from 25% of funds under [WIS. STAT. §] 973.05(4)(b) and as a condition of Extended Supervision.
>
> Failure to pay will result in a civil judgment.  Restitution to be paid first.[3]

¶4      In 2020, Whittaker complained about the percentage the Department deducted from his funds (more specifically, his prison wages) toward his

---

[3] There is no dispute that the pertinent language in the amended judgment of conviction is substantially identical to the pertinent language in the original judgment of conviction other than the increase in the amount of restitution owed by Whittaker.

restitution obligation. According to Whittaker, although the sentencing court set the rate of such a deduction at 25%, the Department deducted 50% of his funds for payment of restitution. Whittaker exhausted his administrative appeals up to, and including, a decision by the secretary of the Department that Whittaker's administrative complaint must be dismissed.

¶5    Whittaker sought certiorari review of the Department's decision in the circuit court. The court rejected Whittaker's certiorari petition. Whittaker appeals.

## DISCUSSION

¶6    Whittaker argues that the Department erred in dismissing his inmate complaint, and the circuit court erred in dismissing his petition for a writ of certiorari.

¶7    "On certiorari we review the agency decision, not the decision of the circuit court." *State ex rel. Markovic v. Litscher*, 2018 WI App 44, ¶9, 383 Wis. 2d 576, 916 N.W.2d 202. On certiorari review, we are limited to the following four inquiries:

> (1) whether the [Department] acted within the bounds of its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will, not its judgment; and (4) whether the evidence was sufficient that the [Department] might reasonably make the determination that it did.

*State ex rel. Greer v. Wiedenhoeft*, 2014 WI 19, ¶35, 353 Wis. 2d 307, 845 N.W.2d 373. The parties in this appeal dispute whether the Department acted according to law, and that is a question of law that we review de novo without deference to the conclusions of the Department. *Id.*, ¶36.

¶8      This appeal also requires us to interpret the language of the JOC. We interpret a court's judgment in the same manner as other written instruments; therefore, the judgment must be considered "in context." *State ex rel. Ortiz v. Carr*, 2022 WI App 16, ¶22, 401 Wis. 2d 450, 973 N.W.2d 786 (citing *Estate of Schultz v. Schultz*, 194 Wis. 2d 799, 805, 535 N.W.2d 116 (Ct. App. 1995)).  Our review of the meaning of the judgment is a question of law which this court reviews de novo. *Id.*

¶9      Whittaker argues that the references in the JOC to "25%" relate to the percentage of Whittaker's "funds" that may be taken by the Department for the payment of court costs, fees, surcharges and restitution.   For its part, the Department concedes that the JOC can be interpreted as Whittaker does. However, the Department argues that the JOC is ambiguous because it can be reasonably interpreted to have a different meaning.[4]  From that premise regarding ambiguity, the Department asserts the following:

> [The JOC] directs the Department to deduct [Whittaker's] funds to pay costs, fees and surcharges at a rate of 25 percent, but not restitution.  The basis for such an interpretation is that WIS. STAT. § 973.05(4) concerns fines, costs, fees, and surcharges, and subsection (b) contains a reference to 25 percent, but WIS. STAT. § 973.05(4) does not apply to restitution at all.  Thus, the combined reference to WIS. STAT. § 973.05(4) and 25 percent in the [JOC] only applies to "costs, fees and surcharges."[5]

---

[4] The Department does not argue in this appeal, as it did in *Ortiz*, that the 25% amount is, in effect, a floor and the Department is authorized by the JOC to deduct more than 25% from Whittaker's funds to pay for restitution. *Ortiz*, 401 Wis. 2d 450, ¶26. Instead, the parties agree that 25%, not more or less, is to be deducted from Whittaker's funds held by the Department. The disputed issue is whether the "25%" references in the JOC relate to restitution payments as well as to "court costs, fees, and surcharges."

[5] WISCONSIN STAT. § 973.05(4)(b) states:

(continued)

The Department asserts that its interpretation of the JOC is "more reasonable" than Whittaker's interpretation and should be adopted by this court.[6]

¶10     The Department's proposed interpretation is not a reasonable interpretation of the JOC's language.[7]  Consideration of one sentence of the JOC proves the point that the Department's strained interpretation fails.  That sentence states:  "Court costs, fees, surcharges and restitution to be paid through collection by the [D]epartment of Corrections from 25% of funds under [WIS. STAT. §] 973.05(4)(b) and as a condition of extended supervision."[8]  The Department's

---

> (4)  If a defendant fails to pay the fine, surcharge, costs, or fees within the period specified under sub. (1) or (1m), the court may do any of the following:
>
> ….
>
> (b)  Issue an order assigning not more than 25 percent of the defendant's commissions, earnings, salaries, wages, pension benefits, benefits under [WIS. STAT.] ch. 102, and other money due or to be due in the future to the clerk of circuit court for payment of the unpaid fine, surcharge, costs, or fees.  In this paragraph, "employer" includes the state and its political subdivisions.

[6] The Department concedes that the provisions of 2015 Wis. Act 355, codified at WIS. STAT. § 973.20(11)(c), do not apply in this circumstance.  That Act became effective after the original judgment of conviction was entered in this matter.  As a result, as in *Ortiz*, 401 Wis. 2d 450, we do not rely on Act 355's amendments to § 973.20(11)(c) in determining whether the Department has the authority to deduct 50% from Whittaker's funds for the payment of restitution.  *Ortiz*, 401 Wis. 2d 450, ¶14.  In addition, and again as in *Ortiz*, we do not decide whether § 973.20(11)(c), in effect, allows the Department to override or nullify an order of a sentencing court made previous to, or after, the effective date of § 973.20(11)(c) regarding deductions from prison wages for the payment of restitution.  *See id.*

[7] "[M]erely being able to conjure up a remotely possible second interpretation is not sufficient to" make a viable argument regarding ambiguity.  ***United States Fire Ins. Co. v. Ace Baking Co.***, 164 Wis. 2d 499, 503, 476 N.W.2d 280 (Ct. App. 1991) (citing ***Wiesmueller v. Interstate Fire & Cas. Co.***, 568 F.2d 40, 46 (7th Cir. 1978) (applying Wisconsin law)).

[8] There are two sentences in the JOC that reference both "25%" and "restitution," and neither party argues that the meanings of those sentences are different.

argument collapses because it requires a reader to come to both of the following conclusions: the phrase at the beginning of the sentence, "court costs, fees, and surcharges," relates to the later phrase of "to be paid through collection by the Department of Corrections from 25% of funds"; but, the term "restitution" is unrelated to the later phrase even though the term "restitution" comes immediately before the later phrase. The Department's reading of the JOC flies in the face of common sense and any reasonable interpretation of the JOC.

¶11    Further, the JOC's citations to WIS. STAT. § 973.05(4)(b) do not reasonably lead to the conclusion that the references in the JOC to "25%" are untethered, and not related, to the amount of restitution which may be deducted by the Department from Whittaker's funds. The Department's interpretation requires re-drafting of the disputed terms of the JOC as follows (with additional language italicized):

> Remainder of the order as previously determined at sentencing to remain in effect: "Court costs, fees, surcharges and restitution to be paid through collection by the [D]epartment of Corrections, *but only court costs, fees, and surcharges are to be paid* from 25% of funds under [WIS. STAT. §] 973.05(4)(b)*, and* as a condition of extended supervision."
>
> ….
>
> AS TO RESTITUTION/ALL FINANCIAL OBLIGATIONS: to be paid through collection by DOC, *but only court costs, fees, and surcharges are to be paid* from 25% of funds under [WIS. STAT. §] 973.05(4)(b)*, and* as a condition of Extended Supervision.

(Emphasis added.)   The Department's interpretation would add words to the phrasing selected by the sentencing court and change the meaning of the JOC. *See Schultz*, 194 Wis. 2d at 805 (courts interpret judgments in the same manner as other written instruments); *Sonday v. Dave Kohel Agency, Inc.*, 2006 WI 92, ¶21,

293 Wis. 2d 458, 718 N.W.2d 631 ("We interpret a contract [(a type of "written instrument")] to give 'reasonable meaning to each provision.'" (citation omitted)). We will not, and cannot properly, alter the language chosen by the sentencing court by reading additional words into the JOC. *Ortiz*, 401 Wis. 2d 450, ¶26.

¶12     As noted, a necessary part of the Department's argument is that this court interprets the JOC as it does. Having resolved that issue in favor of Whittaker, we need not consider the Department's argument regarding its authority to deduct 50% of funds for restitution when the JOC does not set a specified amount or percentage of funds to be paid toward restitution. Also, because our interpretation of the JOC is dispositive, we need not consider Whittaker's argument regarding the *ex post facto* clause of the U.S. Constitution.[9]

## CONCLUSION

¶13     For those reasons, we reverse the order of the circuit court and remand this matter to the circuit court with directions to enter an order, consistent with this opinion, requiring the Department to deduct 25% of Whittaker's funds for the payment of restitution[10] pursuant to the amended judgment of conviction.

*By the Court.*—Order reversed and cause remanded with directions.

---

[9] Nonetheless, we observe that the Department's statement concerning a portion of *State v. Williams*, 2018 WI App 20, ¶2 n.2, 380 Wis. 2d 440, 909 N.W.2d 177, made in briefing in this court cannot be reconciled with our discussion of *Williams* in *Ortiz*, 401 Wis. 2d 450, ¶¶47-55.

[10] We note that the amended judgment of conviction requires the Department to collect restitution amounts before court costs, fees and surcharges.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.